# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ELAINE PENN, | ) | CASE NO. 1:17 CV 2559 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| BANK OF AMERICA, N.A., *et al.*, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Elaine Penn filed this action under 42 U.S.C. §§ 1983, 1985(3), 1986, and 1988, and 18 U.S.C. §§ 241, 242, 1341, 1511, and 1961-67, against Bank of America, N.A., the law offices of John D. Clunk Co., LPA, and the Cuyahoga County Sheriff's Department. She filed an Amended Complaint (Doc. # 3) on December 20, 2017 adding Clunk, Paisley, Hoose, Co., LPA, as a Defendant. This Defendant indicates it is the same entity as John D. Clunk, Co, LPA. The Court will refer to these two Defendants collectively as the "Clunk Law Firm." In the Complaint (Doc. # 1), Plaintiff challenges the validity of her mortgage and the state court foreclosure action for nonpayment of the mortgage. She asserts claims for denial of due process, fraud, intentional infliction of emotional distress, conspiracy, malicious abuse of process and mail fraud. She seeks monetary damages.

## I. BACKGROUND

Bank of America filed a foreclosure action against Plaintiff in the Cuyahoga County Court of Common Pleas on December 13, 2013. The Common Pleas Court entered a judgment

of foreclosure in favor of Bank of America on September 22, 2015. The property was sold at sheriff's auction on December 11, 2017 as provided by the Court's Order of Sale.

Plaintiff has now filed this civil action challenging the validity of the mortgage and the foreclosure action. The Ross Mortgage Company was the original lender. They assigned the mortgage to Bank of America. Plaintiff contends that by stamping "pay to the Order of without recourse Bank of America N.A.," the mortgage became a money order and Bank of America "made additional money in the transaction." (Doc. # 3 at 2). She claims she was fraudulently induced to sign a promissory note and her blue ink signature was used by Bank of America to create funds. She also contends the foreclosure action was fraudulent. She alleges Bank of America did not own the loan when they filed the action. She states the loan was sold to Rushmore Loan Management Services LLC. She also indicates that Bank of America or Rushmore made a claim to the Federal Housing Authority ("FHA") mortgage insurance . She states Bank of America lacked standing to file the foreclosure action.

The Clunk Law Firm and the Cuyahoga County Sheriff's Department each filed a Motion to Dismiss (Docs. # 4, 6).[1] The Sheriff's Department contends Plaintiff does not offer any facts to support a legal conclusion that the Sheriff's Department or Sheriff Clifford Pinkey could be liable to Plaintiff. The Clunk Law firm asserts that the issues of the validity of the mortgage and standing to file the foreclosure were decided by the state court and now are barred

---

[1] The Clunk Law Firm actually filed a Motion for Remand, or in the Alternative, Motion to Dismiss. This action was not removed from state court. It was filed here by the Plaintiff as a new action. Although related to a state court matter, this court cannot remand a case that did not originate in state court. Consequently, the Court will address it as a Motion to Dismiss.

by *res judicata* from being heard a second time in federal court. There is no indication on the docket that Plaintiff obtained service on Bank of America.

Plaintiff filed a Motion to Rule on the Pleadings under Federal Civil Procedure Rule 12(a). She states the Defendants have not filed Answers to the Complaint, and therefore admit to all of her allegations. She asks this Court to grant judgment in her favor.

## II. STANDARD OF REVIEW

When deciding a Motion to Dismiss under Federal Civil Rule 12(b)(6), the function of the Court is to test the legal sufficiency of the Complaint. *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993). The Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and recently in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009) clarified the law regarding what the Plaintiff must plead in order to survive a Motion to Dismiss under Rule 12(b)(6).

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555. The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court in *Iqbal*, 556 U.S. at 677-678, further explains the "plausibility" requirement, stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The Sixth Circuit has held that a Court may consider allegations contained in the Complaint, as well as exhibits attached to or otherwise incorporated in the Complaint, all without converting a Motion to Dismiss to a Motion for Summary Judgment. FED. R. CIV. P. 10(c); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

In addition, the Court is permitted to conduct a limited screening and to dismiss, *sua sponte*, a fee-paid Complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam). Dismissal on a *sua sponte* basis is also authorized where the asserted claims lack an arguable basis in law, or if the Court lacks subject matter jurisdiction over the matter. *Id*. at 480; *see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir.1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir.1990).

### III. ANALYSIS

As an initial matter, Plaintiff moves this Court to grant judgment in her favor because the Defendants have not filed an Answer within the time period required by the Federal Rules of

Civil Procedure. Rule 12(b) states that a Motion asserting any of the defenses listed in the Rule must be made before filing an Answer. If the Court denies the Motion, the Defendant then will have fourteen days to file a responsive pleading. Plaintiff filed her Amended Complaint on December 20, 2017. The Cuyahoga County Sheriff's Office filed their Motion to Dismiss on January 3, 2018. The Clunk Law Firm filed their Motion on January 15, 2018. Both Motions were timely. Plaintiff's Motion to Rule on the Pleadings (Doc. #13) is denied.

The Cuyahoga County Sheriff's Office contends they should be dismissed from this action because Plaintiff's Amended Complaint is devoid of any factual content that would suggest a plausible legal claim against them. Indeed there are no facts in the Complaint pertaining to the Sheriff's Department or to Sheriff Clifford Pinkey. Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The Sheriff's office is charged with the responsibility of carrying out the Common Pleas Court Order of Sale issued by the judge presiding over the foreclosure action. Plaintiff's claims, however, pertain to the validity of the mortgage at its inception, and whether Bank of America had standing to file the foreclosure action. There is no suggestion in the Complaint that the Sheriff's Department was involved in either of these events. This Defendant's Motion to Dismiss (Doc. # 4) is granted.

The Clunk Law Firm contends the claims against them should be dismissed because they are barred by *res judicata*. Plaintiff cannot file a case in federal court to relitigate issues or claims that already were decided by the state courts. *Grava v. Parkman Twp.*, 73 Ohio St.3d

379, 382 (1995). Federal Courts must give the same preclusive effect to a state-court judgment as that judgment receives in the state court. 28 U.S.C. § 1738; *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007); *Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006). In other words, if Plaintiff would be barred from litigating the matter again in state court, she cannot avoid that procedural bar by filing the action in federal court instead of state court. This Court must therefore decide whether Plaintiff's challenge to the validity of her mortgage would be barred if she had filed this action in state court. To do that, this Court must apply Ohio's law on preclusion. *Migra v. Warren City School District Board of Educ.* 465 U.S. 75, 81 (1984).

In Ohio, the doctrine of *res judicata* encompasses the two related concepts of claim preclusion and issue preclusion. *State ex rel. Davis v. Pub. Emp. Ret. Bd.*, 120 Ohio St.3d 386, 392, 899 N.E.2d 975, 981 (2008). Under claim preclusion, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382 (1995). The doctrine of claim preclusion encompasses "all claims which were or might have been litigated in a first lawsuit." *Id.* By contrast, issue preclusion, or collateral estoppel, "precludes the relitigation of an issue that has been actually and necessarily litigated and determined in a prior action." *MetroHealth Med. Ctr. v. Hoffman-LaRoche, Inc.*, 80 Ohio St.3d 212, 217 (1997). Issue preclusion applies when a fact or issue "(1) was actually and directly litigated in the prior action; (2) was passed upon and determined by a court of competent jurisdiction; and (3) when the party against whom [issue preclusion] is asserted was a party in privity with a party to the prior action." *Thompson v. Wing*, 70 Ohio St.3d 176, 183 (1994).

In this case, issue preclusion would apply to bar Plaintiff from relitigating in federal court the validity of her mortgage and the question of standing to bring the foreclosure action. The state court necessarily decided both of these issues when they granted judgment in favor of Bank of America. Although the Clunk Law Firm was not a party to the foreclosure case, Plaintiff is the party against whom issue preclusion is asserted and she was a party to the state court action. This Court must give full faith and credit to that state court judgment. Plaintiff is barred by the doctrine of *res judicata* from relitigating that issue in federal court. The Clunk Law Firm's Motion to Dismiss (Doc. # 6) is granted.

Finally, although there is no indication on the docket that Bank of America was served, Plaintiff's claims against this Defendant are also barred by *res judicata*. These claims are no longer open for discussion, and are dismissed pursuant to *Apple*, 183 F.3d at 479.

### IV. CONCLUSION

Accordingly, this action is **DISMISSED**. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

**IT IS SO ORDERED**.

    *s/Dan Aaron Polster   March 16, 2018*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.